## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**THE SCHOOL BOARD OF**
**ST. JOHNS COUNTY, FLORIDA,**

      **Plaintiff,**

v.                                   **Case No.   3:23-cv-1285**

**C.L., by and through C.L.'s**
**Parents, K.L. and M.L.,**

      **Defendant.**
_____/

## COMPLAINT

The School Board of St. Johns County, Florida, hereby files this complaint against C.L., by and through C.L.'s Parents, K.L. and M.L ("Defendant"), seeking a *de novo* judicial review and challenging a Final Order issued by the Florida Division of Administrative Hearings ("DOAH"), and states as follows:

### Introduction

1.    This Complaint is filed pursuant to the Individuals with Disabilities Education Act, as amended, 20 U.S.C. §1400 *et seq*. ("IDEA") and Rule 6A-6.03311(9)(w), Florida Administrative Code.

2.    Through this Complaint, Plaintiff seeks to review, challenge, and have this Court reverse a Final Order entered on July 31, 2023, by Florida

Administrative Law Judge ("ALJ") Lawrence Stevenson in DOAH Case No. 23-0969E.

## Jurisdiction

3.     This Court has jurisdiction pursuant to 20 U.S.C. §1415(i)(2)(A), §1415(i)(3)(A)-(C) and Rule 6A-6.03311(9)(w), Florida Administrative Code.

4.     In seeking to review, challenge and vacate and/or reverse the Final Order, Plaintiff is a party "aggrieved by the findings and decision" of a due process hearing officer within the meaning of the IDEA. 20 U.S.C. §1415(i)(2)(A).

## The Parties

5.     Defendant C.L. is a minor child who, at various times, was enrolled as a student in the School District of St. Johns County, Florida.  C.L.'s parents are K.L. and M.L.

6.     Upon information and belief, C.L. currently resides in St. Johns County, Florida.

7.     Plaintiff is a district school board responsible for the operation, control, and supervision of all free public schools located in the School District. §1001.32(2), Fla. Stat.

8.     Plaintiff is vested with the power to sue. §1001.41(4), Fla. Stat. Plaintiff is also a "local educational agency" as defined under the IDEA. 20 U.S.C. §1401(19); 34 C.F.R. §300.28.

2

## Brief Background of Defendant's Education

9.     Defendant enrolled in the St. Johns County School District on November 20, 2020, as a kindergarten student with a transfer Individual Education Plan ("IEP") from another state.[1] The transfer IEP from out-of-state indicated that Defendant's behaviors impeded his learning and the learning of others.

10.     Defendant began the 2021-2022 school year in the first grade at a public elementary school operated by Plaintiff.

11.     Despite Plaintiff's provision of a free and appropriate public education to Defendant, Defendant's behaviors impeded his learning during the 2021-2022 school year.

12.     In February of 2022, Defendant's parents withdrew Defendant from public school after it became evident that a more restrictive placement was necessary to meet Defendant's educational needs.

13.     Defendant withdrew to home school on February 7, 2022, and remained in home school for the remainder of the 2021-2022 school year.

14.     Defendant reenrolled in the School District for the 2022-2023 school year as a second grader.

---

[1] More detailed information concerning Defendant, including the nature of the student's disabilities, schools of enrollment, and copies of fillings in the lower proceeding, will be transmitted to the court as the record on appeal in a manner that preserves Defendant's privacy rights.

15.    Between August 2022 and November 2022, Defendant engaged in physical aggression, property destruction, class disruption, and classroom elopement. Despite these behavioral disruptions, Defendant made academic and behavioral progress from August through November 2022.

16.    However, starting November 30, 2022, through January 24, 2023, Defendant's behaviors increased in both frequency and intensity.

17.    At an IEP team meeting on February 24, 2023, the IEP team determined that maintaining Defendant's current placement was substantially likely to result in injury to the student or to others, based on data collected by the school.

18.    Additionally, school personnel serving as members of the team agreed that Defendant required a more restrictive placement to receive a free and appropriate public education.

19.    Defendant's parents did not indicate any disagreement with the proposed placement at the February 2023 IEP meeting.

**The Due Process Proceedings**

20.    On March 9, 2023, Defendant filed a Request for Due Process Hearing against Plaintiff seeking a due process hearing in accordance with the IDEA before DOAH ("DOAH I").

21.    DOAH I was assigned DOAH Case No. 23-0969EDM (also referred to as Case No. 23-0969E). In the due process request, Defendant expressly

represented to DOAH that the request was for an expedited hearing related to discipline issues. However, Defendant also raised numerous non-discipline issues, including allegations that Plaintiff failed to provide Defendant with a free appropriate public education ("FAPE") under the IDEA.

22.     On March 14, 2023, ALJ Jessica Varn convened a phone conference with the parties' legal counsel to discuss Defendant's request for an expedited due process hearing. During the conference, counsel for Plaintiff represented that Plaintiff would be filing its own expedited due process request, because Defendant posed a substantial risk of injury to himself or others if Plaintiff maintained his placement in the general education setting. Since DOAH I and the anticipated due process case to be filed by Plaintiff were related, ALJ Varn indicated that the cases would be consolidated on an expedited track.

23.     On March 15, 2023, Plaintiff filed its *Expedited Request for Exceptional Student (ESE) Due Process* with DOAH. ("DOAH II"). DOAH II was assigned DOAH Case No. 23-1044EDM.

24.     On March 16, 2023, Plaintiff filed a Motion to Consolidate only the expedited issues in DOAH I and DOAH II. Plaintiff further requested that the non-expedited issues (i.e. allegations related to FAPE) be heard in a separate due process proceeding.

25.    On March 17, 2023, over Defendant's objection, DOAH granted Plaintiff's request to consolidate the expedited issues in DOAH I and DOAH II.

26.    On March 29, 2023, DOAH I and DOAH II were transferred from ALJ Varn to ALJ Stevenson. As of March 29, 2023, the expedited due process hearing was set to begin on April 5, 2023.

27.    On March 29, 2023, Plaintiff filed a Motion for Case Management Conference to further address procedural issues, including the order of presentation of evidence and testimony, given that both parties requested expedited hearings and to clarify the issues to be presented in the expedited due process hearing.

28.    On April 3, 2023, a case management conference was held during which Plaintiff reiterated that expedited and non-expedited should be bifurcated and adjudicated on separate tracks, particularly in light of the March 17, 2023, Order granting Plaintiff's Motion to Consolidate. Despite Plaintiff's position and the record of the case, and just two days before the consolidated due process hearing, ALJ Stevenson, over Defendant's objection, determined that all claims in DOAH I and DOAH II would be tried together in one expedited due process hearing rather than scheduling a separate due process hearing for non-expedited issues.

29.    On April 5, 6, 7, 14, and 20, 2023, a consolidated expedited due process hearing was held in DOAH I and DOAH II on all issues.

30.    Importantly, at the commencement of the due process hearing on April 5, 2023, and before opening statements, Plaintiff reiterated its prior objection that it was improper for DOAH to require that Plaintiff present its case-in-chief first when Defendant carried the burden of proof on all allegations regarding the provision of FAPE. Over Plaintiff's objection, DOAH departed from its established practices and required Plaintiff to present its case-in-chief as to all allegations in DOAH I and DOAH II, including those claims involving the alleged denial of FAPE. Fairly summarized, DOAH required that Plaintiff prove it provided Defendant FAPE and afforded Defendant a prejudicial, strategic advantage by requiring Plaintiff to put on its witnesses and case-in-chief on an expedited basis in advance of Defendant.

31.    On April 24, 2023, DOAH unexpectedly and *sua sponte* issued an Order of Severance and, within the Order, held that "Case No. 23-0969EDM is not a disciplinary case and should not be treated as such…". Essentially, DOAH recognized what Plaintiff represented in its March 16, 2023, Motion to Consolidate DOAH I and DOAH II and in its objections in advance of the due process hearing; that is, there were expedited and non-expedited issues raised in DOAH I requiring that separate due process hearings be held.

32.    On April 25, 2023, the next day, DOAH issued a Final Order in DOAH II. DOAH II is currently being challenged by Plaintiff before this Court in Case No. 3:23-cv-864-TJC-LLL.

33.    On July 31, 2023, DOAH issued a Final Order in DOAH I. Since a redacted copy of the Final Order is not yet available from the Florida Department of Education, a copy of the Final Order will be filed under seal separate from this Complaint.

34.    In the Final Order in DOAH I, the following were the issues identified as having been raised in the due process complaint:

> Whether the St. Johns County School Board ("Respondent" or "School Board") failed to provide a free appropriate public education ("FAPE") to Petitioner during the 2022-2023 school year; whether the decision to place Petitioner in a more restrictive setting violated the least restrictive environment ("LRE") requirements of the Individuals With Disabilities Education Act ("IDEA"); whether the decision to remove Petitioner from the general education program in Petitioner's neighborhood school was predetermined; whether the School Board violated Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 795, et seq. ("Section 504"); and, if any or all of the alleged violations are proven, what is the appropriate relief.

35.    Ultimately, in the Final Order in DOAH I, DOAH incorrectly held that Plaintiff predetermined Defendant's placement in a self-contained ESE classroom, denied Defendant's parents the opportunity to meaningfully participate at meetings, failed to timely produce documents and data,

unilaterally amended Defendant's Behavior Intervention Plan, denied Defendant's parents the right to particulate in decisions related to shortening Defendant's school day, and otherwise procedurally violated the IDEA to the extent that it denied Defendant FAPE.

36.    DOAH further wrongly held in the Final Order in DOAH I that Plaintiff substantively deprived Defendant FAPE throughout the 2022-2023 school year.

37.    Finally, in the Final Order in DOAH I, DOAH improperly ordered the following as relief:

> a new IEP meeting, to include review of the BIP, that includes the parents, Dr. Sisbarro, and the student's other advocates as members of the team; compensatory education from December 2022 to the present; payment of $7,725.00 for the private psychoeducational evaluation conducted by Dr. Sisbarro; the cost of having the advocates attend the February 2023 IEP meetings of $4,095.00; and the reimbursement of all costs, including a reasonable attorney's fee, as the prevailing party in this proceeding.

38.    As to the relief ordered, Plaintiff asserts that it is improper based on the evidence and testimony presented during the due process hearing.

39.    Moreover, DOAH erred by (1) awarding Defendant compensatory education from March 9, 2023, through July 31, 2023, because the provision of FAPE to Defendant during that time was not at issue in Defendant's March 9, 2023, due process complaint, (2) requiring that Plaintiff pay for a unilaterally

obtained psychoeducational evaluation, particularly when Defendant never requested an independent educational evaluation from Plaintiff, (3) requiring Plaintiff to reimburse Defendant for the cost of two lay advocates who attended IEP meetings in February of 2023 with Defendant, and (4) ordering the award of attorney's fees and declaring its intent to determine the amount to be awarded to Defendant.

40.    To be clear, Plaintiff seeks to challenge all the Findings of Fact, Conclusions of Law, and relief set forth in the Final Order, through a *de novo* review of the underlying administrative proceedings. The Final Order is not supported by the facts or law applicable to this case.

41.    All conditions precedent to this action have occurred or have been waived.

<u>**Count I**</u>
<u>**Review of Final Order under the IDEA**</u>

42.    Plaintiff reasserts and incorporates the allegations contained in paragraphs 1-41.

43.    The IDEA and Florida law authorize Plaintiff to bring a civil action in this Court if it is aggrieved by the decision of an Administrative Law Judge.

44.    This Court is to receive the records of the administrative proceeding, hear additional evidence at the request of either party and, basing

its decision on the preponderance of the evidence, grant the relief it determines appropriate.

45.    Accordingly, this Court has the jurisdiction and authority to reverse and vacate the July 31, 2023, Final Order entered in DOAH I (filed separately under seal).

46.    Plaintiff asserts that the testimony, record evidence, and applicable law do not support the Findings of Fact, Conclusions of Law, and relief contained in the Final Order and, therefore, the Final Order should be reversed/vacated.

47.    Additionally, Plaintiff asserts that DOAH erred and unfairly prejudiced Plaintiff when it failed to bifurcate the expedited and non-expedited issues raised in DOAH I and DOAH II and required Plaintiff to present its case-in-chief before Defendant and on an expedited basis. Stated simply, by requiring Plaintiff to present its case-in-chief first and prove that it provided FAPE to Defendant, DOAH improperly shifted the burden of proof to Plaintiff and shortened the timeframes applicable to non-expedited proceedings.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgement (a) reversing and/or vacating the Final Order; (b) declaring Plaintiff the prevailing party in the administrative proceeding and in this proceeding; (c) awarding Plaintiff attorneys' fees and costs; and (d) any other relief this Court deems just and appropriate.

Respectfully submitted this 27th day of October, 2023.

*/s/ Terry J. Harmon*
**TERRY J. HARMON**
Florida Bar Number: 0029001
tharmon@sniffenlaw.com
**DESIGNATED LEAD COUNSEL**

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, FL 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Attorneys for Plaintiff, The School Board
of St. Johns County, Florida*